Case 2:26-cv-01368-NJB-EJD   SERVED COPY Document 1-1 [RETURN COPY] Filed 06/25/26   Page 1 of 17

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF;

260617-3942-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

KARL SENNER LLC
  versus
STEERPROP LTD

Case: 876-836   Div: "C"
P 1  KARL SENNER LLC

To: STEERPROP LTD
THROUGH ITS CHIEF EXECUTIVE OFFICER
RIKU-PEKKA HAGG
HAKUNINTIE 23
FI-26100 RAUMA
FINLAND

LA Long Arm

***HAND CARRY***

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the return of service hereof, under penalty of default.

This service was requested by attorney BRYCE M. ADDISON and was issued by the Clerk of Court on the 17th day of June, 2026.

/s/ Wendy R. Gaudet
Wendy R. Gaudet, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF;

260617-3942-6

Received:_____ Served:_____ Returned:_____

Service was made:
___ Personal      ___ Domicilary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant    ___ Received too late to serve
___ Moved    ___ No longer works at this address
___ No such address    ___ Need apartment / building number
___ Other _____

Service: $_____ Mileage: $_____ Total: $_____

Completed by:_____ # _____
           Deputy Sheriff
Parish of: _____

## EXHIBIT
## 1

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

Case 2:26-cv-01368 SERVICE COPY Document RETURN COPY Filed 06/25/26 Page 2 of 17

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF;

260617-3942-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

KARL SENNER LLC
   versus
STEERPROP LTD

Case: 876-836   Div: "C"
P 1  KARL SENNER LLC

To: STEERPROP LTD
THROUGH ITS CHIEF EXECUTIVE OFFICER
RIKU-PEKKA HAGG
HAKUNINTIE 23
FI-26100 RAUMA
FINLAND

LA Long Arm

***HAND CARRY***

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF of which a true and correct
copy accompanies this citation, or make an appearance either by filing a pleading or
otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of
Louisiana, within THIRTY (30) CALENDAR days after the return of service hereof, under
penalty of default.

This service was requested by attorney BRYCE M. ADDISON and was issued by the Clerk of
Court on the 17th day of June, 2026.

/s/ Wendy R. Gaudet
Wendy R. Gaudet, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF;

260617-3942-6

Received:_____ Served:_____ Returned:_____

Service was made:
   ___ Personal     ___ Domicilary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant   ___ Received too late to serve
   ___ Moved   ___ No longer works at this address
   ___ No such address   ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. 876-836                                                    DIVISION: C

### KARL SENNER, L.L.C.

### VERSUS

### STEERPROP LTD.

FILED: _____          _____
                                                    **DEPUTY CLERK**

### PETITION FOR DAMAGES AND
### INJUNCTIVE AND DECLARATORY RELIEF

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Karl Senner, L.L.C. ("Karl Senner") and, in support of this Petition for Damages and Injunctive and Declaratory Relief, respectfully avers as follows:

### PARTIES

1.    Karl Senner is a Louisiana limited liability company with its principal place of business at 25 West Third Street, Kenner, Louisiana 70062.

2.    Made Defendant herein is Steerprop Ltd. ("Steerprop" or "Defendant"), a Finnish limited company with its principal place of business at Hakunintie 23, FI-26100 Rauma, Finland. Upon information and belief, Steerprop Ltd. is also referred to in certain materials as Steerprop Oy.

### JURISDICTION AND VENUE

3.    Jurisdiction is vested in this Court over the Defendant pursuant to Article V, §16(A) of the Louisiana Constitution because this action arises from Steerprop's breaches of a written compromise and settlement agreement executed on May 22, 2024, entitled "Settlement Terms" (hereinafter the "Settlement Agreement"), which was entered into to compromise and resolve litigation between these same parties in a matter captioned *Karl Senner, LLC v. Steerprop,* 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing Docket No. 819-805.

4.    This Court has personal jurisdiction over Steerprop pursuant to the Louisiana long-arm statute, La. R.S. 13:3201, because Steerprop purposefully availed itself of this forum by negotiating and entering into the written Settlement Agreement with Karl Senner to resolve litigation pending in this Court; because Steerprop thereby undertook continuing contractual

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:1 of 15 - Jefferson Parish Clerk of Court - ID:26151789



obligations owed to Karl Senner in Louisiana; because Steerprop knew and intended that its performance and nonperformance would directly affect Karl Senner's Louisiana-based business operations, customer relationships, and revenues; and because the damages alleged herein were and continue to be sustained by Karl Senner in Louisiana.

5.    Venue is proper in this judicial district pursuant to Louisiana Code of Civil Procedure Article 76.1 because this is an action on a written contract, namely the Settlement Agreement, which was executed by Karl Senner in Jefferson Parish, Louisiana, and which was entered into to resolve litigation pending in this Court. Venue is also proper pursuant to Louisiana Code of Civil Procedure Article 42(5) because Steerprop is a foreign limited company that is not authorized to do business in Louisiana and, upon information and belief, has not appointed an agent for service of process in Louisiana; accordingly, Steerprop may be sued in Jefferson Parish, the parish of Karl Senner's domicile.

6.    The amount in controversy exceeds all applicable jurisdictional thresholds. Consistent with La. C.C.P. art. 893, the damages Karl Senner seeks are such as are reasonable in the premises, and, by general allegation, substantially exceed every minimum amount required to establish this Court's jurisdiction and the relief sought herein.

## BACKGROUND AND FACTS

7.    Karl Senner is a third-generation Louisiana family business which has for more than fifty years been engaged in selling marine equipment, including propulsion systems, as well as providing service and spare parts for its customers in North America and elsewhere around the world.

8.    Steerprop is a manufacturer of fit-for-purpose Azimuth Propulsors and related components, equipment and spare parts (the "Steerprop Products").

9.    Karl Senner and Steerprop have maintained a business relationship spanning more than two decades, during which Karl Senner previously served as Steerprop's exclusive distributor and exclusive service agent for Steerprop Products throughout North America, Central America, and the Caribbean.

10.    Prior dealings between Karl Senner and Steerprop, including earlier distribution and service arrangements, ultimately gave rise to disputes concerning the parties' respective sales, service, and commercial rights and responsibilities.



JON A. GEGENHEIMER

2

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:2 of 15 - Jefferson Parish Clerk of Court - ID:26151789

11.    Those disputes included, among other issues, Steerprop's efforts to bypass Karl Senner in pursuing business opportunities and disagreements concerning the parties' respective rights as to sales, service, distribution, and customer opportunities.

12.    As a result, on or about July 26, 2021, Karl Senner filed a Petition for Damages and Declaratory Relief against Steerprop in the 24th Judicial District Court for the Parish of Jefferson, Docket Number 819-805 (the "2021 Litigation").

13.    Karl Senner and Steerprop ultimately compromised and settled the 2021 Litigation through the written May 22, 2024 Settlement Agreement, which is the operative agreement at issue in this action.

14.    Pursuant to the Settlement Agreement, Steerprop expressly agreed to the following terms:

(a)    Karl Senner would be recognized as an authorized non-exclusive reseller for new build, repower and/or retrofit inland waterway applications in the United States, with the right to resell Steerprop products within the United States for three years.

(b)    Karl Senner would be recognized as a non-exclusive authorized parts and service provider for Steerprop products sold by Karl Senner in the United States, and Steerprop would utilize good faith in considering Karl Senner for all service jobs in the United States and assign servicing to Karl Senner on an as-needed basis, subject to Karl Senner's right to accept or reject such jobs.

(c)    Karl Senner would be entitled to obtain project-based pricing from Steerprop, as well as the discounts and pricing benefits set forth in the Settlement Agreement with respect to Steerprop units, spare parts, and related opportunities.

(d)    Karl Senner would be entitled to an additional 10% discount off qualifying new build, repower and retrofit pricing, which discount would be applied against a €1,275,000 discount credit until the total discount received by Karl Senner reached €1,275,000. Steerprop further agreed that Karl Senner could use the €1,275,000 discount credit against spare-parts purchases.

(e)    Steerprop expressly agreed that it would not impose a time limit on Karl Senner's use of the discount balance. Accordingly, Karl Senner's right to receive the full benefit of the €1,275,000 discount credit was not limited by the expiration, nonrenewal, or lapse of later memorializing documents, and Steerprop could not in good faith extinguish, delay, or render commercially useless that credit by withholding quotations, withholding project-based pricing, diverting covered opportunities, bypassing Karl Senner, or otherwise frustrating Karl Senner's ability to apply the credit to qualifying unit or spare-parts purchases.

(f)    Karl Senner would be granted a right of first refusal over all U.S.-based inland customers for inland-waterway new build, repower, and/or retrofit projects in the United States for three years, and, provided Karl Senner was able and willing to perform the project, Steerprop agreed that it would not submit a competing bid or quote for such projects during that period.

(g)    Karl Senner would be a non-exclusive authorized service provider, for ten (10) years, for the thruster units sold in connection with the multi-vessel project addressed in the Settlement Agreement (the "covered thruster units"), including the right to receive the specified spare-parts discounts during that period.



3

JON A. GEGENHEIMER

(h)     The Settlement Agreement and the follow-up agreements memorializing its terms would be fully binding upon and enforceable against each party's successors and assigns.

(i)     Both Karl Senner and Steerprop agreed to utilize good faith to further a cooperative business relationship.

(j)     Steerprop further agreed that, following a period of thirty (30) months, the parties would meet and Steerprop would consider Karl Senner in good faith for renewal of its rights under the Settlement Agreement for an additional three-year period.

15.     Karl Senner accepted the Settlement Agreement and agreed to dismiss the 2021 Litigation in reliance on those promised rights and protections, including the express provision that those obligations would remain binding on Steerprop's successors and assigns.

16.     After obtaining Karl Senner's agreement to compromise and dismiss the 2021 Litigation in exchange for the rights, protections, and benefits promised in the Settlement Agreement, Steerprop failed to discharge its obligations under the Settlement Agreement and failed to perform that compromise in good faith.

17.     Steerprop has breached the Settlement Agreement through a continuing course of conduct that includes obstructing Karl Senner's use of the discount credit; withholding, delaying or obstructing procurement, manufacturing, or shipment of goods; withholding, delaying, or obstructing pricing, quotations, technical support, and parts and service support Karl Senner needs to pursue covered opportunities; disregarding Karl Senner's requests for marketing coordination, support, and materials; continuing to usurp, divert, or obstruct Karl Senner's business opportunities; disregarding Karl Senner's right of first refusal with respect to U.S.-based inland customers and projects; failing to honor Karl Senner's designated-reseller rights; and frustrating Karl Senner's bargained-for service-provider and reseller rights.

18.     By way of example and without limitation, Steerprop failed to respond timely and substantively to Karl Senner's repeated requests for confirmation of a right to offer products for opportunities, quotations, ROM pricing, project-based pricing, technical support, marketing coordination and support, procurement and delivery information, parts support, and service support in connection with multiple customer opportunities covered by the Settlement Agreement; placed opportunities "on hold" without adequate justification; provided shifting, incomplete, inconsistent, or inaccurate communications and status updates through its representatives concerning whether and when such support, pricing, or participation would be provided; and failed to respond to repeated follow-up communications.



4

19. In an effort to deprive Karl Senner of the additional discount pricing guaranteed by the Settlement Agreement, Steerprop adopted and applied a policy, in bad faith, of treating retrofit and repower inland-waterway projects as service or aftermarket matters rather than as reseller and new equipment opportunities. Steerprop confirmed this policy in writing through its own personnel in May and June 2026. Because the Settlement Agreement expressly recognizes new build, repower, and retrofit inland-waterway applications in the United States as reseller opportunities subject to the related new equipment discount-credit structure, Steerprop's adoption and application of this contrary policy constitutes a knowing and bad-faith breach of the compromise.

20. Steerprop further engaged directly, or through Steerprop Inc. or other third parties, with customers, customer affiliates, naval architects, service providers, shipyards, or other project participants, in connection with opportunities subject to Karl Senner's rights under the Settlement Agreement, thereby bypassing Karl Senner, interfering with Karl Senner's ability to act as the contractually protected reseller or service provider, and undermining Karl Senner's right to be the designated reseller or first-offered reseller on covered opportunities.

21. On at least one occasion, Steerprop, directly or through Steerprop Inc. or other third parties, recommended U.S. inland-waterway customers utilize a non-authorized service facility for storage and maintenance of Steerprop products.

22. Steerprop undertook the conduct described above without providing Karl Senner the notice, opportunity, pricing, quotations, support, participation, or good-faith cooperation required under the Settlement Agreement and without preserving Karl Senner's practical ability to realize the benefits for which it settled the 2021 Litigation.

23. The foregoing failures are continuing and cumulative in nature and were intended to deprive Karl Senner of the benefit of the bargain for which it compromised and dismissed the 2021 Litigation.

24. As a direct result of the foregoing, Steerprop deprived Karl Senner of the technical and commercial support necessary to make timely offers to its customers; impaired Karl Senner's customer relationships and reputation in the market; prevented Karl Senner from timely pursuing and closing qualifying opportunities, caused Karl Senner to lose profits, margins, service work, and spare-parts sales, allowed Steerprop to capture and monetize opportunities and follow-on economic benefits that Karl Senner had settled to protect, deprived



5

Karl Senner of opportunities through which it otherwise could have applied and exhausted the €1,275,000 discount credit, damaged Karl Senner's expectancy and benefit of the bargain in the designated-reseller opportunities and the 10-year service-provider rights promised under the Settlement Agreement, and caused lost-opportunity damages and other covered repower and retrofit opportunities that Steerprop diverted, delayed, reclassified, or withheld from project-based reseller treatment.

25.    A real and justiciable controversy exists as to whether Steerprop, or any successor or assign, may through any corporate, ownership, restructuring, operational, or asset-transfer action nullify, impair, evade, or render impossible Karl Senner's rights under the Settlement Agreement. This controversy is ripe and warrants the declaratory relief set forth in Count IV below.

26.    Karl Senner refers to certain customers and project opportunities by category rather than by name in this public pleading to avoid unnecessary disclosure of competitively sensitive customer and commercial information, and will identify the specific customers, projects, communications, and opportunities in discovery, under appropriate confidentiality protections, or as otherwise directed by the Court.

## CAUSES OF ACTION

### COUNT I – BREACH OF WRITTEN COMPROMISE AND SETTLEMENT AGREEMENT

27.    Karl Senner realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

28.    The Settlement Agreement is a valid and enforceable written compromise and contract between Karl Senner and Steerprop.

29.    Karl Senner performed its obligations under the Settlement Agreement, including by agreeing to dismiss the 2021 Litigation and by remaining ready, willing, and able to pursue covered sales, service, and parts opportunities in accordance with the parties' contemplated cooperative business relationship.

30.    Steerprop accepted the benefits of the Settlement Agreement, including Karl Senner's dismissal of the 2021 Litigation, but failed to perform material obligations required by that written compromise and settlement.

31.    Steerprop has breached the written Settlement Agreement in the following non-exclusive respects:

6

(a) Refusing or failing to provide project-based pricing, quotations, ROM pricing, or other commercially necessary pricing support for Steerprop units and related covered opportunities, including by taking the position that covered repower and retrofit projects should be treated as aftermarket or service matters rather than as reseller or new equipment opportunities under the Settlement Agreement;

(b) Repeatedly failing to respond to Karl Senner's requests for quotations and related commercial support, thereby hindering Karl Senner's ability to submit timely offers to prospective customers;

(c) Systemically delaying the delivery of products and parts, while also failing to provide adequate technical support and follow-up communications, thereby prejudicing Karl Senner's customer relationships and ability to perform on covered opportunities;

(d) Failing to exercise good faith in considering Karl Senner for service jobs within the United States, assigning or directing such jobs to others without good-faith consideration of Karl Senner, impairing Karl Senner's bargained-for service-provider rights, including with respect to the covered thruster units, and improperly invoking a purported service or aftermarket classification to defeat or diminish Karl Senner's separate reseller rights for covered repower and retrofit opportunities;

(e) Refusing to honor Karl Senner's right of first refusal with respect to covered U.S.-based inland customers and projects and, upon information and belief, submitting, facilitating, or permitting competing bids or quotes for such projects in direct violation of the Settlement Agreement;

(f) Failing to honor Karl Senner's designated-reseller rights for previously identified opportunities and failing to provide the minimum 10% discount off the offered contract price required for those opportunities;

(g) Obstructing, impairing, or rendering commercially useless Karl Senner's ability to realize and apply the €1,275,000 discount credit, notwithstanding Steerprop's express agreement not to impose a time limit on Karl Senner's use of the discount balance;

(h) Asserting, adopting, communicating, or applying, including through its written communications in May and June 2026, a policy that retrofit and repower projects are aftermarket or service opportunities rather than covered reseller or new equipment opportunities, in conflict with the Settlement Agreement's express treatment of new build, repower, and retrofit inland-waterway applications in the United States;

(i) Taking or threatening positions inconsistent with the Settlement Agreement's express provision that the agreement and follow-up memorializing agreements are fully binding upon and enforceable against each party's successors and assigns;

(j) Repudiating, prejudging, or refusing to meaningfully participate in the contractually contemplated process to discuss current and ongoing Karl Senner projects and the continuation of Karl Senner's rights, thereby depriving Karl Senner of the good-faith consideration required by the Settlement Agreement; and

(k) Generally failing to perform its express obligations under the Settlement Agreement and failing to honor the parties' agreed obligation to utilize good faith to further a cooperative business relationship.

32.    Steerprop's foregoing breaches have obstructed Karl Senner from obtaining the economic benefits promised by the Settlement Agreement, including the ability to earn and apply the €1,275,000 discount credit, to receive the promised pricing and discounts, to pursue designated-reseller and right-of-first-refusal opportunities, to realize the value of the bargained-for reseller and service-provider rights, to pursue and close covered repower and retrofit



7

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:7 of 15 - Jefferson Parish Clerk of Court - ID:26151789

JON A. GEGENHEIMER

opportunities on a reseller/new equipment basis, and to receive the full benefit of the bargain for which Karl Senner compromised and dismissed the 2021 Litigation.

33.    As a direct and proximate result of Steerprop's breaches of the written Settlement Agreement, Karl Senner has sustained damages including lost profits, lost margins, lost service and spare-parts revenue, loss or impairment of the benefit of the €1,275,000 discount credit and related discounts, loss of the contractual benefit of the bargain embodied in the Settlement Agreement, the value of customer and project opportunities captured or monetized by Steerprop in violation of the Settlement Agreement, damage to customer relationships and commercial reputation, mitigation expenses, lost-opportunity damages associated with covered projects that Steerprop reclassified or diverted as aftermarket or service work, and all other damages recoverable under Louisiana law.

34.    Louisiana Civil Code article 1983 requires contracts to be performed in good faith. Steerprop's conduct was not merely negligent, inadvertent, or the product of mistake. Steerprop accepted the benefits of the Settlement Agreement, including Karl Senner's dismissal of the 2021 Litigation, while knowingly and repeatedly refusing, delaying, obstructing, or otherwise failing to perform obligations that formed a material part of the cause and consideration for Karl Senner's agreement to settle.

35.    Louisiana Civil Code articles 1994 through 1996 provide that an obligor is liable for the damages caused by his failure to perform, measured by the loss sustained by the obligee and the profit of which the obligee was deprived, and that a good-faith obligor is liable for the damages that were foreseeable at the time the contract was made. Louisiana Civil Code article 1997 further provides that an obligor in bad faith is liable for all damages, foreseeable or not, that are a direct result of the failure to perform.

36.    Steerprop's conduct constitutes intentional and bad-faith performance and breach of the Settlement Agreement.

37.    As a direct result of Steerprop's bad-faith performance and bad-faith breach, Karl Senner has suffered and will continue to suffer damages, including: (a) the lost or impaired benefit of the unused balance of the €1,275,000 discount credit and related discount rights; (b) lost profits and lost margins on projects and opportunities for which Steerprop failed to provide project-based pricing, failed to respond to quotation requests, bypassed Karl Senner, refused to honor Karl Senner's right of first refusal, failed to honor designated-reseller rights, or captured



8

JON A. GEGENHEIMER

and monetized for itself or others opportunities protected by the Settlement Agreement; (c) lost service and spare-parts revenue, including revenue associated with the covered thruster units and other protected opportunities; (d) loss of the benefit of the bargain and contractual expectancy Karl Senner purchased by compromising and dismissing the 2021 Litigation; (e) damage to customer relationships and business reputation; (f) costs incurred mitigating Steerprop's nonperformance; (g) lost-opportunity damages associated with covered repower and retrofit projects denied reseller/project-pricing treatment; and (h) court costs, attorneys' fees to the extent recoverable under applicable law or contract, judicial interest, and all other damages recoverable under Louisiana law and established at trial.

**COUNT II – ENRICHMENT WITHOUT CAUSE (IN THE ALTERNATIVE ONLY)**

38.     In the alternative, and only in the event the Court determines that Karl Senner has no other remedy at law for some portion of the conduct alleged herein, Karl Senner pleads enrichment without cause against Steerprop under Louisiana Civil Code article 2298, solely as a subsidiary and alternative theory of recovery, it being understood that this remedy is unavailable to the extent the law affords Karl Senner any other remedy.

39.     Through the conduct alleged above, Steerprop has been enriched by obtaining revenues, margins, customer access, strategic business advantage, service work, spare-parts business, follow-on opportunities, and other economic benefits arising from customer and project opportunities that Karl Senner contends were intended to be protected for Karl Senner under the Settlement Agreement.

40.     Correlatively, Karl Senner has been disadvantaged by the loss of those same revenues, margins, business opportunities, service work, parts sales, and related commercial benefits.

41.     The enrichment and disadvantage were connected because Steerprop's receipt of those benefits came at Karl Senner's expense, and, if the Court were to conclude that no enforceable contractual remedy governs some aspect of that conduct, equity would not justify Steerprop retaining those benefits without compensation to Karl Senner.

42.     Accordingly, only if and to the extent no contractual remedy is found to exist for particular conduct or resulting losses, Karl Senner seeks restitution, disgorgement, or other equitable recovery in an amount to be proven at trial corresponding to Steerprop's unjust enrichment.



9

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:9 of 15 - Jefferson Parish Clerk of Court - ID:26151789

JON A. GEGENHEIMER

**COUNT III – INJUNCTIVE RELIEF**

43. Karl Senner realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

44. Steerprop's continuing conduct, the risk that Steerprop may take corporate, organizational, or asset-related actions that would impair or extinguish Karl Senner's contractual rights, threatens immediate and irreparable harm to Karl Senner's customer relationships, business reputation, contractual rights, service-provider rights, reseller rights, right-of-first-refusal rights, and ability to receive the full benefit of the €1,275,000 discount credit.

45. Monetary damages alone may be insufficient to protect Karl Senner because Steerprop's conduct threatens to impair customer relationships, market position, and bargained-for contractual rights that are difficult to value and may be lost before final judgment.

46. Karl Senner therefore seeks preliminary and permanent injunctive relief prohibiting Steerprop, its officers, directors, employees, agents, affiliates, successors, assigns, and all persons acting in concert with it from taking any action, without adequate protection of Karl Senner's rights, that would nullify, impair, evade, transfer away, or render impossible Karl Senner's rights under the Settlement Agreement, including Karl Senner's rights to the €1,275,000 discount credit, right of first refusal, designated-reseller opportunities, 10-year service-provider rights with respect to the covered thruster units, and right to meet after 30 months to be considered in good faith for renewal for an additional 3-year period, and specifically prohibiting Steerprop from asserting or applying any policy that treats covered repower or retrofit inland-waterway projects as aftermarket or service opportunities in order to deny Karl Senner reseller status, project-based pricing, discount-credit treatment, or other rights guaranteed by the Settlement Agreement.

47. Such prohibited actions include, without limitation, diverting covered opportunities away from Karl Senner; refusing to provide project-based pricing, quotations, technical support, parts support, or service support required to give effect to the Settlement Agreement; using affiliates or third parties to bypass Karl Senner; withholding parts, components, subparts, subcomponents, technical information, or support necessary for Karl Senner to perform and receive the benefit of its Settlement Agreement rights; classifying or reclassifying covered repower or retrofit opportunities as aftermarket or service work in a manner inconsistent with the Settlement Agreement; misrepresentations to the market or any



10

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:10 of 15 - Jefferson Parish Clerk of Court - ID:26151789

third parties regarding Karl Senner's status and relationship with respect to Steerprop; and taking any corporate or organizational action that would nullify, impair, evade, or render impossible Karl Senner's rights under the Settlement Agreement.

48. Karl Senner further seeks injunctive relief requiring Steerprop to preserve all documents, communications, data, transaction records, opportunity records, customer communications, and internal records relating to Karl Senner's rights under the Settlement Agreement, including the discount credit, right of first refusal, designated-reseller opportunities, service-provider rights, project-based pricing, use of Steerprop Inc. or other affiliates, third-party service providers, and all covered customer or project opportunities.

## COUNT IV – DECLARATORY RELIEF

49. Karl Senner realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

50. Karl Senner seeks a declaration that Steerprop and its successors and assigns remain bound by the Settlement Agreement and may not, through affiliates, delegates, successors, assigns, operational changes, restructuring, asset transfers, channel changes, third-party arrangements, or the assertion or application of a policy treating covered repower or retrofit inland-waterway opportunities as aftermarket or service matters, nullify, impair, evade, or render impossible Karl Senner's rights under the Settlement Agreement, including Karl Senner's rights to the discount credit, right of first refusal, designated-reseller opportunities, and 10-year service-provider rights with respect to the covered thruster units.

51. Karl Senner further seeks a declaration that the €1,275,000 discount credit established under the Settlement Agreement remains in effect and available to Karl Senner unless and until Karl Senner has received the full benefit contemplated by the Settlement Agreement, and that Steerprop may not, through non-renewal, expiration of later memorializing documents, refusal to quote, failure to provide project-based pricing, diversion of opportunities, use of affiliates or other third parties, reclassification of covered repower or retrofit projects as aftermarket or service work, or other acts inconsistent with good-faith performance, nullify, impair, evade, or render impossible Karl Senner's ability to receive the benefit of that discount credit and the related discounts provided in the Settlement Agreement.

52. Karl Senner further seeks a declaration that, under the Settlement Agreement, inland-waterway new build, repower, and retrofit opportunities in the United States are reseller



11

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:11 of 15 - Jefferson Parish Clerk of Court - ID:26151789

JON A GEGENHEIMER

opportunities for which Karl Senner is entitled to the contractual protections pleaded herein, including project-based pricing and associated discount-credit treatment, and that Steerprop may not enforce or apply any contrary policy to characterize such opportunities as aftermarket or service work for the purpose of nullifying or impairing Karl Senner's Settlement Agreement rights.

53.    Karl Senner further seeks a declaration that: (a) the 10-year service-provider right for the covered thruster units is enforceable according to its terms; (b) the right of first refusal and designated-reseller rights granted by the Settlement Agreement are presently enforceable according to their terms; and (c) the Settlement Agreement and the follow-up agreements memorializing its substantive terms are fully binding upon and enforceable against each party's successors and assigns.

54.    Karl Senner specifically reserves the right to amend and supplement this Petition for Damages.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, Karl Senner, L.L.C., prays that Defendant, Steerprop Ltd., be duly cited to appear and that, after all due and legal delays and legal proceedings are had, there be judgment in favor of Karl Senner, L.L.C., and against Steerprop as follows:

(a) awarding monetary damages in an amount to be proven at trial, presently believed to exceed $10,000,000, including but not limited to lost profits, lost margins, lost service revenue, lost spare-parts revenue, loss or impairment of the benefit of the €1,275,000 discount credit and related discounts, loss of the benefit of the bargain embodied in the Settlement Agreement, the value of protected opportunities and related economic benefits captured or monetized by Steerprop in bad-faith breach of the Settlement Agreement, lost-opportunity damages associated with covered repower and retrofit opportunities treated by Steerprop as aftermarket or service work in derogation of Karl Senner's rights, damage to customer relationships and commercial reputation, mitigation expenses, and all other damages recoverable under Louisiana law as a direct result of Steerprop's breach and bad-faith performance of the Settlement Agreement, including all damages, whether foreseeable or not, that are a direct consequence of Steerprop's bad-faith nonperformance pursuant to Louisiana Civil Code article 1997;



12

(a-1) alternatively, and only to the extent the Court finds no contractual remedy available for particular conduct or resulting losses, awarding restitution, disgorgement, or other equitable relief for Steerprop's unjust enrichment in an amount to be proven at trial that exceeds all applicable jurisdictional thresholds;

(b) granting preliminary and permanent injunctive relief prohibiting Steerprop, its officers, directors, employees, agents, affiliates, successors, assigns, and all persons acting in concert with it from taking any action, without adequate protection of Karl Senner's rights, that would nullify, impair, evade, transfer away, or render impossible Karl Senner's rights under the Settlement Agreement, including Karl Senner's rights to the €1,275,000 discount credit, right of first refusal, designated-reseller opportunities, 10-year service-provider rights with respect to the covered thruster units, and right to meet after 30 months to be considered in good faith for renewal for an additional 3-year period, and specifically prohibiting Steerprop from asserting or applying any policy under which covered repower or retrofit inland-waterway projects are treated as aftermarket or service opportunities so as to deny Karl Senner the reseller, pricing, discount-credit, or other contractual rights granted by the Settlement Agreement;

(c) enjoining Steerprop from diverting covered opportunities away from Karl Senner; refusing to provide project-based pricing, quotations, technical support, parts support, or service support required to give effect to the Settlement Agreement; using affiliates or third parties to bypass Karl Senner; withholding parts, components, subparts, subcomponents, technical information, or support necessary for Karl Senner to perform and receive the benefit of its Settlement Agreement rights; classifying or reclassifying covered repower or retrofit opportunities as aftermarket or service work contrary to the Settlement Agreement; or taking corporate, ownership, restructuring, operational, affiliate, or asset-transfer actions that would nullify, impair, evade, or render impossible Karl Senner's rights under the Settlement Agreement;

(d) ordering specific performance of Steerprop's obligations under the Settlement Agreement pursuant to Louisiana Civil Code article 1986, including requiring

13



JON A. GEGENHEIMER

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:13 of 15 - Jefferson Parish Clerk of Court - ID:26151789

Steerprop to provide project-based pricing, quotations, technical support, parts support, and service support, to honor Karl Senner's right of first refusal and designated-reseller rights, to apply the €1,275,000 discount credit, and otherwise to perform as necessary to give effect to Karl Senner's rights under the Settlement Agreement;

(e) ordering Steerprop to preserve all documents, communications, data, transaction records, opportunity records, customer communications, and internal records relating to Karl Senner's rights under the Settlement Agreement, including the discount credit, right of first refusal, designated-reseller opportunities, service-provider rights, project-based pricing, use of Steerprop Inc. or other affiliates, third-party service providers, and all covered customer or project opportunities;

(f) declaring that Steerprop and its successors and assigns remain bound by the Settlement Agreement and may not, through affiliates, delegates, successors, assigns, operational changes, restructuring, asset transfers, channel changes, third-party arrangements, or the assertion or application of a policy treating covered repower or retrofit opportunities as aftermarket or service matters, nullify, impair, or render impossible Karl Senner's rights under the Settlement Agreement, including Karl Senner's right of first refusal, designated-reseller rights, discount-credit rights, and 10-year service-provider rights with respect to the covered thruster units;

(g) declaring that the €1,275,000 discount credit established under the Settlement Agreement remains in effect and available to Karl Senner unless and until Karl Senner has received the full benefit contemplated by the Settlement Agreement, and that Steerprop may not, through non-renewal, expiration of later memorializing documents, refusal to quote, failure to provide project-based pricing, diversion of opportunities, use of affiliates or other third parties, reclassification of covered repower or retrofit opportunities as aftermarket or service work, or other acts inconsistent with good-faith performance, nullify, impair, or render impossible Karl Senner's ability to receive the benefit of the discount credit and applicable discounts provided under the Settlement Agreement;

14



JON A. GEGENHEIMER

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:14 of 15 - Jefferson Parish Clerk of Court - ID:26151789

(h) declaring that the 10-year service-provider right for the covered thruster units, the right of first refusal, the designated-reseller rights, and the successors-and-assigns provision are enforceable according to the Settlement Agreement's terms, and further declaring that Steerprop may not enforce or apply a contrary policy treating covered new build, repower, or retrofit inland-waterway opportunities as mere aftermarket or service work to defeat those rights;

(i) awarding court costs and attorneys' fees only to the extent recoverable under applicable law or contract;

(j) awarding pre- and post-judgment interest as allowed by law; and

(k) granting all other just and equitable relief.

Respectfully submitted,

Bryce M. Addison (LA Bar #36345)
**KARL SENNER, L.L.C.**
5 East Third Street
Kenner, LA 70062
Telephone: (504) 469-4000
Fax: None
baddison@karlsenner.com
*Attorney for Plaintiff, Karl Senner, L.L.C.*

**PLEASE ISSUE CITATION**
**FOR SERVICE VIA THE LOUISIANA LONG-ARM STATUTE TO:**
**Steerprop Ltd.**
Through its Chief Executive Officer:
Riku-Pekka Hagg
Hakunintie 23
FI-26100 Rauma
Finland



15

06/17/2026 09:55:38 CERTIFIED TRUE COPY - Pg:15 of 15 - Jefferson Parish Clerk of Court - ID:26151789

JON A. GEGENHEIMER